11th Court of Appeals

 Eastland, Texas

          Opinion

 

Lavonda Denise Grant

Appellant

Vs.                   No. 11-01-00339-CR            B Appeal from Dallas County

State of Texas

Appellee

 

The jury
found Lavonda Denise Grant guilty of possession with intent to deliver cocaine,
weighing 4 grams or more but less than 200 grams.  The jury assessed appellant=s punishment at confinement for 7 years.  Appellant appeals.  We
affirm.

In a
single point of error, appellant contends that the trial court erred in
admitting evidence, over her objections, of cocaine, marihuana, firearms, cash,
and a laboratory analysis report which were found in appellant=s home. 
Appellant argues that the evidence was obtained as a result of an
unlawful warrantless search.

We note
that the record fails to include the specific motion or objections urged by
appellant at trial.  However, the record
shows that appellant=s
objections were being considered by the trial court.  Near the beginning of the trial, the following exchange between
appellant=s counsel and the trial court regarding
certain evidence occurred:

[DEFENSE
COUNSEL]: May we approach the bench?

 

THE COURT:
I think I know where you=re going with this.  Just make
it subject to that, it will save some time.

 

[DEFENSE
COUNSEL]: We=ll make our objection subject to what we
discussed prior this morning.

 

THE COURT:
Subject to the motion that the Court=s carrying with the case, it=s admitted.

 








Similar
general, as opposed to specific, objections and rulings by the trial court were
made throughout the trial when the challenged evidence was offered and
admitted.  The record fails to show the
motion, if any, that was filed or the specific objections that were made.  Appellant=s complaint was waived.  See
TEX.R.APP.P. 33.1(a)(1)(A); Broxton v. State, 909 S.W.2d 912 (Tex.Cr.App.1995).

However,
in the interest of justice and because it appears apparent that the trial court
was aware that appellant was contending that the search of her apartment was
unlawful, we will review appellant=s point of error.  The issue in
this case is whether appellant gave the investigating officers oral consent to
search her apartment.  Consent searches
are an established exception to the warrant and probable cause requirements of
the Fourth Amendment to the U.S. Constitution. 
Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  If the State secured the voluntary consent
to a warrantless search, the search neither violates the United States nor the
Texas Constitutions.  Brimage v. State,
918 S.W.2d 466 (Tex.Cr.App.1996).  The
State had the burden to prove the voluntariness of the consent to search by clear
and convincing evidence.  State v.
Ibarra, 953 S.W.2d 242, 245 (Tex.Cr.App.1997).

Dallas
Police Officer Maria Kaminske testified that she and her partner went to
appellant=s apartment following a complaint that the
odor of marihuana was coming form appellant=s apartment.  The apartment had
two doors that opened onto a courtyard. 
Both doors were open.  Officer
Kaminske went to one door, and her partner went to the other door.  When she looked into the apartment, Officer
Kaminske saw appellant standing in the kitchen.  Appellant saw Officer Kaminske 
and walked to the door.  Officer
Kaminske told appellant that they had received a complaint about the smell of
marihuana.  Officer Kaminske stated that
appellant told her that appellant had just finished smoking marihuana.  Officer Kaminske, while standing outside the
door, looked into the apartment and observed several Amarihuana roaches@ (A[t]he leftover of a marihuana cigarette@) on a table.  Officer Kaminske
asked appellant if there was anymore marihuana; and appellant answered:  AGo ahead and search.@  The challenged items of
evidence were discovered by the officers following appellant=s statement. 
Officer Kaminske stated that she did not have any consent-to-search
forms; therefore, there was no written consent to search by appellant.








Appellant
testified that Officer Kaminske asked appellant if she could search the
apartment and that appellant asked the officer if the officer had a
warrant.  At that point, according to
appellant, Officer Kaminske=s male partner walked up and said that he could get one.  Appellant testified that she never gave the
officers permission to search her apartment.

Lashonda
Grant, appellant=s cousin, testified that she was present when
Officer Kaminske and her partner came to appellant=s apartment. 
Lashonda stated that the Amale@ officer asked appellant if Ahe@ could search the apartment and that appellant told Ahim@:  ANo. 
Do you have a search warrant?@  The male officer replied:  ANo, but I can get one.@

Officer
Kaminske=s partner testified on rebuttal, following
the testimony of appellant and her cousin, that he at no time had any
conversation with appellant or anyone in the apartment about searching or
search warrants.

When
reviewing a trial court=s ruling on a motion to suppress evidence, we apply a bifurcated
standard of review, giving almost total deference to the trial court=s determination of historical facts and
reviewing de novo the trial court=s application of the law of search and seizure.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex.Cr.App.2000); Guzman v. State, 955 S.W.2d 85, 88-89
(Tex.Cr.App.1997).  Also, we review the
evidence in the light most favorable to the trial court=s ruling. 
Walter v. State, 28 S.W.3d 538, 540 (Tex.Cr.App.2000).

The issue
of consent was disputed, and the trial court determined the credibility of the
witnesses.  The trial court believed
Officer Kaminske=s testimony and disbelieved the contrary
evidence.  

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

May 22, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.